**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

KAVIN LEE PEEPLES,

                        Petitioner,       :       Case No. 2:26-cv-00116

   - vs -                                District Judge Algenon L. Marbley
                                        Magistrate Judge Michael R. Merz

TIMOTHY SHOOP, WARDEN,
  Ross Correctional Institution,

                                      :
                      Respondent.

---

# REPORT AND RECOMMENDATIONS

---

This is a habeas corpus case brought *pro se* by Petitioner Kavin Peeples to obtain relief from his sentence upon conviction for aggravated murder in the Pickaway County Court of Common Pleas (Petition, ECF No. 1). The case is ripe for decision on the Petition, the State Court Record (ECF No. 14), the Return of Writ (ECF No. 15) and Petitioner's Reply (ECF No. 18).

**Litigation History**

On June 15, 1990, the Pickaway County Grand Jury returned an indictment against Peeples charging him with the aggravated murder of Ronald L. McCaman, in violation of Ohio Revised Code § 2903.01(A) with the specification[1], pursuant to R.C. 2929.04, that Peeples was under

---

[1] The specification, if proved beyond a reasonable doubt, made Peeples eligible for being sentenced to death.

1

detention at the time (Indictment, State Court Record 14, Ex. 1).  Peeples was tried and convicted by a three-judge panel which sentenced him to life imprisonment without the possibility of parole for thirty years. *Id.* at Ex. 2.  Peeples appealed to the Ohio Fourth District Court of Appeals which affirmed.  *State v. Peeples*, 94 Ohio App.3d 34 (Ohio App. 4th Dist. Mr. 23, 1994).  The Ohio Supreme Court declined to exercise jurisdiction over a subsequent appeal.  *State v. Peeples*, 70 Ohio St.3d 1445 (1994).

Peeples filed a prior habeas corpus petition in the Northern District of Ohio which was transferred to this Court under the Case No. 2:99-cv-1291.  On March 13, 2001, District Judge Sargus of this Court on recommendation of Magistrate Judge Mark Abel, dismissed the case.

Peeples filed a second habeas corpus petition in this Court on October 8, 2021 in Case No. 2:21-cv-4998.  Upon transfer to the Sixth Circuit, that Court held the petition was not second or successive and therefore did not require permission to proceed.  The Court wrote:

> Peeples seeks to raise the following claims: (1) his untreatable immune disorder, along with his conditions of confinement, creates a certainty that he will acquire COVID-19 and die, in violation of his constitutional rights; (2) the State of Ohio has failed to provide an environment preventing exposure to COVID-19 or to provide medical treatment meeting his medical needs, ensuring that he will acquire COVID-19 and die; and (3) the State of Ohio has failed to maintain proper medical records, thereby obstructing his needed medical care and creating a threat to his life by denying him required medical expert diagnosis.
>
> * * *
>
> We have recognized that a state prisoner who seeks release from confinement due to COVID-19, claiming that no other set of conditions would remedy the alleged constitutional violation, raises a cognizable claim for habeas relief under § 2241. *Wilson v. Williams*, 961 F.3d 829, 837–38 (6th Cir. 2020).
>
> * * *

2

> Because Peeples's claims relating to the COVID-19 pandemic arose well after the filing of his original habeas petition, his § 2241 habeas petition is not second or successive and does not require our authorization to proceed in the district court.

Order, *In re Kavin Lee Peeples,* Case No. 21-3933 (6th Cir. Feb. 15, 2022)(copy at State Court Record , ECF No. 14, Ex. 21).

Peeples then filed an Amended Petition in this Court which District Judge Graham dismissed without prejudice for failure to exhaust state court remedies. *Peeples v. Warden*, Case No. 2:21-cv-4998, Order of June 12, 2023 (copy at State Court Record, ECF No. 14, Ex. 28). Peeples then attempted to obtain relief by filing a motion for relief from judgment under Ohio R. Civ. P. 60. After that motion was denied by the trial court, he appealed to the Fourth District Court of Appeals which affirmed October 15, 2025 (Decision, State Court Record, ECF No. 14, Ex. 55). The Ohio Supreme Court declined to exercise jurisdiction on January 6, 2026. *Id.* at Ex. 58. The Petition is postmarked February 4, 2026. See PageID 181. Respondent, however, credits Petitioner with filing as of January 29, 2026, by complying with the mailbox rule of *Houston v. Lack*, 487 U.S. 266 (1988).

Petitioner filed this federal petition for writ of habeas corpus under 28 U.S.C. § 2254 in this Court on January 29, 2026. Peeples alleges the following two grounds:

> **Ground One:** Continuation of the Method of Punishment (Penal Confinement) Without a Legitimate Penological Justification Is Disproportionate to the offense and violates United States Constitutional Prohibition of Cruel and Unusual Punishment. (8th Amendment.).

> **Ground Two:** The Method of Punishment Effectively Obstructs the Delivery of Necessary Medical Treatment, where there is Not Possible Condition of Penal Confinement in Which the Necessary Medical Treatment can Be Obtained. Violates the United States Constitutional Prohibition of Cruel and Unusual Punishment. (8th Amendment.).

3

(Petition, ECF 2, PageID 12-16).

## Analysis

**Procedural Default**

Respondent asserts Petitioner's two Eighth Amendment claims are procedurally defaulted because they were untimely presented to the Ohio courts.

When Judge Graham dismissed Peeples' prior habeas corpus case, he expressly found that an Ohio state habeas corpus action was an available state court remedy (Order, State Court Record, ECF No. 14, Ex. 28, PageID 680).  Although Peeples claims he did exactly what this Court told him to do, he instead filed an "Amended Motion for Releif [sic] from (Sentencing) Order (of 1992)" under Ohio R. Civ. P. 60(B)(State Court Record, ECF No. 14, Ex. 29).

The trial court decided Peeples' Eighth Amendment claim on the merits, concluding that because his sentence was within the maximum sentence prescribed by statute, it was not cruel and unusual. *Id.* at Ex. 48, PageID 1033.  Noting that motions under Ohio R. Civ. P. 60(B) were proper in criminal cases, the judge nonetheless took the option allowed by Ohio law of reclassifying the motion as a petition for post-conviction relief but noted that Peeples had shown no reason for late filing. *Id.*

On appeal the Fourth District found Peeples was making constitutional claims parallel to the ones he makes here, to wit, that his probable genetic immune-deficiency disease could not be properly treated in prison and that, in any event, he had served enough time to fulfill the penological purposes of the criminal statute in question (Decision and Judgment Entry, State Court Record, ECF No. 14, Ex. 55, PageID 1106-07).  It held Peeples' claims were not properly brought under Civ. R. 60(B) or in a petition for post-conviction relief, and modified the trial court's

judgment to make it a dismissal for lack of jurisdiction.  It noted, however, that Peeples had previously had notice from the Ohio Supreme Court of an available state court remedy by action for injunctive relief under 42 U.S.C. § 1983. *Id.* at PageID 1119, citing *State ex rel. Peeples v. Anderson,* 73 Ohio St.3d 559 (1995).  Although § 1983 is a federal statute creating a remedy for deprivation of federal constitutional rights, state courts have concurrent subject matter jurisdiction with federal courts to hear § 1983 cases.  *Howlett v. Rose*, 496 U.S. 356 (1990).  Of course a person cannot obtain release from custody in a § 1983 action.  *Preiser v. Rodriquez*, 411 U.S. 475 (1973).  However a court considering a § 1983 case can order medical treatment by injunction.

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

5

> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357 (6th Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6th Cir. 2002).

Ohio has a procedural rule that requires claims to be brought in courts that have subject matter jurisdiction over the case. Ohio enforced that rule in this case by dismissing Peeples constitutional claims because they were brought in a proceeding over which the Common Pleas Court, given the nature of the claims, lacked subject matter jurisdiction. Certainly the limitation of claims to courts with subject matter jurisdiction is an adequate and independent state ground of decision. Peeples has offered no excusing cause and prejudice. His claim that he did what Judge Graham told him to do is belied by the record. Nor can he blame his choice on bad legal advice because he had no lawyer at that stage of the proceedings and was not entitled to appointed counsel post-conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Ross v. Moffitt*, 417 U.S. 600 (1974).

In sum, he Petition should be dismissed with prejudice as barred by Peeples' procedural default in presenting his claims to the Ohio courts.

**The Merits**

Although the case should be dismissed on procedural grounds, the Magistrate Judge offers the following merits analysis in the event the District Judge disagrees with that recommendation.

Petitioner is serving a life sentence for the aggravated murder of a fellow inmate. He makes

6

no claim that sentence violated the Cruel and Unusual Clause when it was imposed.  Instead he claims that he (1) has developed an illness – immunodeficiency disease – which cannot be properly treated in prison and/or he has been sufficiently rehabilitated that his continued imprisonment no longer served the penological purposes of punishment.

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), federal courts are authorized to grant habeas corpus relief only if a petitioner shows his or her conviction or sentence violated clearly established federal law as set forth in holdings of the United States Supreme Court.

"One governing legal principle emerges as "clearly established" under § 2254(d)(1): A gross disproportionality principle is applicable to sentences for terms of years." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003).

> The Court's cases addressing the proportionality of sentences fall within two general classifications. The first involves challenges to the length of term-of-years sentences given all the circumstances in a particular case. The second comprises cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.
>
> In the first classification the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive. Under this approach, the Court has held unconstitutional a life without parole sentence for the defendant's seventh nonviolent felony, the crime of passing a worthless check. *Solem v. Helm*, 463 U.S. 277, 103 S. Ct. 3001, 77 L. Ed. 2d 637 (1983). In other cases, however, it has been difficult for the challenger to establish a lack of proportionality. A leading case is *Harmelin v. Michigan,* 501 U.S. 957, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (1991), in which the offender was sentenced under state law to life without parole for possessing a large quantity of cocaine. A closely divided Court upheld the sentence. The controlling opinion concluded that the Eighth Amendment contains a "narrow proportionality principle," that "does not require strict proportionality between crime and sentence" but rather "forbids only extreme sentences that are 'grossly disproportionate' to the crime." Id., at 997, 1000-1001, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (Kennedy J., concurring in part and

7

> concurring in judgment). Again closely divided, the Court rejected a challenge to a sentence of 25 years to life for the theft of a few golf clubs under California's so-called three-strikes recidivist sentencing scheme. *Ewing v. California*, 538 U.S. 11, 123 S. Ct. 1179, 155 L. Ed. 2d 108 (2003); see also *Lockyer v. Andrade*, 538 U.S. 63, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The Court has also upheld a sentence of life with the possibility of parole for a defendant's third nonviolent felony, the crime of obtaining money by false pretenses, *Rummel v. Estelle*, 445 U.S. 263, 100 S. Ct. 1133, 63 L. Ed. 2d 382 (1980), and a sentence of forty years for possession of marijuana with intent to distribute and distribution of marijuana, *Hutto v. Davis*, 454 U.S. 370, 102 S. Ct. 703, 70 L. Ed. 2d 556 (1982) (per curiam).
>
> The controlling opinion in *Harmelin* explained its approach for determining whether a sentence for a term of years is grossly disproportionate for a particular defendant's crime. A court must begin by comparing the gravity of the offense and the severity of the sentence. 501 U.S., at 1005, 111 S. Ct. 2680, 115 L. Ed. 2d 836 (opinion of Kennedy J.). "[I]n the rare case in which [this] threshold comparison . . . leads to an inference of gross disproportionality" the court should then compare the defendant's sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions. *Ibid*. If this comparative analysis "validate[s] an initial judgment that [the] sentence is grossly disproportionate," the sentence is cruel and unusual. *Ibid.*

*Graham v. Florida*, 560 U.S. 48, 59-60 (2010).  As the examples cited by the Court in Graham show, the Court has upheld sentence of life imprisonment without parole for crimes far less serious than aggravated murder of a fellow inmate.  And the Court has never held that a habeas court may re-examine proportionality as the execution of the sentence progresses.

Peeples' claims also fail on the merits and should be dismissed on that basis if the Court reaches the merits.

8

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

July 23, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.

9